# VOSS *v.* FISHER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
WESTERN DISTRICT OF MICHIGAN.

Argued January 15, 1885.—Decided January 26, 1885.

The doctrine that the use of one of the elements of a combination does not infringe a patent for a combination reasserted.

Patent No. 89,646 granted May 4, 1869, to C. J. Fisher, for an improved neck-pad for horses was not infringed by the device used by the appellant for the same purpose.

This was a suit in equity brought by Charles J. Fisher, the appellee, against Willibald Voss, the appellant, to restrain the infringement by the latter of letters patent granted to Fisher, dated May 4, 1869, "for an improved neck-pad for horses."

The answer denied infringement and denied that Fisher was the first inventor of the patented improvement.

Upon final hearing on the pleadings and evidence the Circuit Court rendered a decree in favor of the complainant, and the defendant appealed.

*Mr. E. A. West* and *Mr. L. L. Bond* for appellant.

*Mr. Edward Taggart* for appellee.

MR. JUSTICE WOODS delivered the opinion of the court. He recited the facts, as above stated, and continued:

Neck-pads for horses, to which the letters-patent relate, were made of various kinds and used long before application for the patent was filed. They were attached to the horse-collar at its upper end immediately below the point where the two arms of the collar are buckled together. They rested on the neck of the horse, and their object was to prevent the galling of the horse's neck by the upper part of the collar. The improvement in neck-pads covered by the letters patent of the appellee was described as follows in the specification:

" This invention relates to a new device for protecting the necks of horses, between the upper ends of the collar to prevent galling. For this purpose pieces of leather, cloth, or other material have heretofore been used, but without the desired success. Pads could not be made, as their inner faces could not be kept clear from wrinkles or protuberances, which are more injurious than the omission of a protecting device.

" My invention consists in producing a pad which may be attached to the collar, and which is perfectly smooth on the under side, the leather used on the under side being crimped in order to obtain the desired shape. . . . [The pad] is so shaped that it fits a horse's neck between the arms of the collar, it being thick on top and tapering toward the ends. . . . The under side of the pad is formed by a sheet of leather, . . . which is crimped in order to have its ends turned up without producing wrinkles; the stuffing in the pad is of hay, or any other suitable material. On the outer side of the pad, near the ends of the same, are straps . . . which are fitted around the collar . . : to prevent longitudinal displacement of the pad." The claim was as follows : " The neck-pad having an inner lining of crimped leather, and provided with straps . . . to allow its being fastened to the collar as herein shown and described for the purpose specified."

The thing made and sold by the appellant, which was charged to be an infringement of the appellee's patent, was a single piece of crimped leather having a piece of sheet metal so shaped as to fit it riveted to its upper side, in order to stiffen it and preserve its crimped form, and provided with straps to fasten it to the collar.

The specification of appellant's patent describes a stuffed pad. The drawing by which it is illustrated shows a stuffed pad, and the certified model of the invention from the Patent Office, exhibited at the hearing, is a stuffed pad.

It is clear, that if the patent is to be construed as a combination consisting of a stuffed pad, having an inner lining of crimped leather and straps to fasten the pad to the collar, the appellant does not infringe, for he does not use one of the elements of the combination, namely, the stuffed pad, nor its equiv-

alent. *Prouty* v. *Ruggles,* 16 Pet. 336; *Gould* v. *Rees,* 15 Wall. 187; *Rowell* v. *Lindsay, ante,* 97, and cases therein cited.

But counsel for appellee insists that the patent was not intended to cover a combination, but merely the forming of the under side of the pad by the use of a smooth sheet of leather crimped in order to have its ends turned up without producing wrinkles.

As already stated, the appellant does not use the crimped leather as the inner lining of a stuffed pad. He uses the crimped leather stiffened by a metal plate as a substitute for a stuffed pad with a crimped leather lining.

There is, therefore, no infringement, unless the patent of the appellee should be construed to cover simply a piece of leather crimped to the proper shape, and having its under side smooth and free from wrinkles, to be used to keep the upper part of the collar from galling the neck of the horse. If the patent is so construed it must be held void, for the evidence in the record is conclusive to show that such a device was made, sold, and used by many persons years before the date of the appellee's patent.

The result of these views is that

*The decree of the Circuit Court must be reversed, and the cause remanded to that court, with directions to dismiss the bill.*