## LEARY *et al. v.* HOHENSTEIN.

*(Circuit Court, S. D. New York.* February 9, 1889.)

1. PATENTS FOR INVENTIONS—ANTICIPATION—SHADE-HOLDER FOR CANDLES.
The shade or globe holder for candles for which letters patent No. 257,027, April 25, 1882, to Daniel Leary, were issued, was not anticipated by the English patent of 1842, to Ward and Freeman, or of 1850, to W H. Jones, or of 1864, to H. C. Stearn and another, or by the American patent of 1868, to W. H. Hinds, all of which have the cap-shaped piece fitting over the upper end of the candle, with a hole for the blaze, to support the structure, and a ring below to keep it upright, as described in the Leary patent, but none of which have a shade-holder or shade, or their equivalent.

2. SAME—INVENTION.
As it was required that the candle be permitted to melt and burn about the wick but not to melt below, and that the holder maintain an upright position notwithstanding the consumption of the candle, and as this had not been previously accomplished, and the device became extensively used, the device required patentable invention.

3. SAME—INFRINGEMENT.
Though the patent describes the supports of the shade as attached to the ring about the cap-shaped piece, and as being attached to that piece, a cap-shaped piece, with the supports attached directly to it, is an equivalent, and is an infringement.

In Equity.

Bill by Daniel Leary and others against Hugo Hohenstein, for the infringement of a patent.

*H. Aplington,* for complainants.

*Louis C. Raegner,* for defendant.

WHEELER, J.   This suit is brought upon letters patent No. 257,027, dated April 25, 1882, and granted to Daniel Leary, for a shade or globe holder for candles.   The defenses set up and relied upon are want of novelty and of patentability.   No prior structures are produced, or shown by evidence to have existed, to bear upon the question of novelty. That defense rests wholly upon an English patent dated in 1842 to Ward and Freeman, and an American patent, dated in 1868, to William H. H. Hinds, for candlesticks, and an English patent, dated in 1850, to William Henry Jones, and another, dated in 1864, to Henry Charles Steane and Frank Alexander Steane, for apparatus to prevent candles from guttering.   These patents do show parts of Leary's structure, and notably a cap-shaped piece fitting over the upper end of the candle, with a hole for the blaze, to support the structure, and a ring below to keep it upright; but none of them show a shade-holder for a shade above the blaze of the candle, nor anything like his complete apparatus, or that would answer its purpose.   Therefore he was not anticipated by any or all of them.   *Parks* v. *Booth,* 102 U. S. 96.   These prior patents are also relied upon to limit the field open to Leary; and counsel for the defendant urges in support of the other defense that there was no room for patentable invention between them and his shade-holder; that a workman might, by the skill of his trade, put the shade-holder upon this cap-

shade piece. If the candle was to stand unchanged, this would be easier; but there was more to be done than to place the shade-holder upon a permanent standard. The candle must be of material which would melt with heat, and be consumed as it melted. The device must be so arranged as not only to hold the shade-holder upright in the beginning, but to maintain it so; and do this by means that would not melt the candle below, and weaken and waste it, and would let it melt about the wick, and burn. Apparatus which would extend down upon the candle without becoming hot enough to melt it, and extend above for the shade-holder, was to be contrived. This would seem to require calculation and ingenuity beyond that of a mechanic in the mere exercise of his calling. No mechanic or other person appears to have accomplished this before Leary did. When he had done it, his device went into extensive use. This shows that it was wanted; and that ordinary workmanship had not brought it. What he did appears to amount to invention which is patentable.

The patent describes the supports of the shade as being attached to a ring resting about the cap-shaped piece over the end of the candle, and as being attached directly to that piece. Both of the claims include that ring in the arrangement. Neither the plaintiffs' device made under the patent, nor the alleged infringement, has that ring. Generally, a patent for combination or arrangement of several parts is not infringed by taking less than the whole of them. *McMurray* v. *Mallory*, 111 U. S. 97, 4 Sup. Ct. Rep. 375; *Voss* v. *Fisher*, 113 U. S. 213, 5 Sup. Ct. Rep. 511. But taking some of the parts, with equivalents producing the same result for the others, is an infringement. *Meter Co.* v. *Desper*, 101 U. S. 332; *Rowell* v. *Lindsay*, 113 U. S. 97, 5 Sup. Ct. Rep. 507. The cap-shaped piece, with the supports of the shade attached to it, is the equivalent of the same and the ring with the supports attached to that, and accomplishes the same result in the same manner. The plaintiffs' device, therefore, appears to be made according to the patent. The defendant's device, which is a copy of the plaintiffs', appears for the same reasons to be an infringement. These conclusions have not been arrived at without noticing carefully the decision upon the motion for a preliminary injunction in this case. *Leary* v. *Hohenstein*, 32 Fed. Rep. 832. The case does not appear to have been so fully presented on proofs then as now. The question was somewhat different, and was in some measure reserved to final hearing. As the case is now understood, the patent is valid, and the defendant infringes; therefore the orators appear to be entitled to a decree. Let a decree be entered that the patent is valid, that the defendants infringe, and for an injunction and an account, according to the prayer of the bill, with costs.