### KINZEL v. LUTTRELL BRICK CO. et al.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1895.)

#### No. 268.

1. PATENTS—INFRINGEMENT—COMBINATION CLAIMS.

To constitute infringement of a combination, the alleged infringing device must include every element of the combination as claimed; and it is immaterial that certain elements which are claimed, and which are omitted from defendants' device, are not of the essence of the real invention. Water-Meter Co. v. Desper, 101 U. S. 332, applied.

2. SAME—BRICKKILNS.

The Kinzel patent, No. 471,769, for a brickkiln in which the bricks are both dried and burned by coal fire, without the usual preliminary drying by wood or coke fire, held not infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Tennessee.

This was a bill by John C. Kinzel against the Luttrell Brick Company, M. R. Grace, F. J. Leeland, and E. A. Hamilton for the alleged infringement of letters patent No. 471,769, issued March 29, 1892, to the complainant for an improvement in brickkilns. The circuit court dismissed the bill, on the ground that the patent was invalid because of prior public use authorized and encouraged by the complainant for more than two years previous to filing his application for a patent. Complainant appealed.

This was a bill to restrain the infringement of a patent. The complainant, the patentee, was John C. Kinzel, of Knoxville, Tenn. The patent was granted the 29th of March, 1892, and was for a brickkiln in which the brick are both dried and burned by coal fire, and the usual preliminary drying by wood or coke fire is dispensed with. The patent describes the kiln as follows: The base or floor of the kiln is constructed of dirt suitably banked up above the level of the ground. At the sides of the kiln are two brick walls, seven or eight feet in height. Through these walls are openings into furnace pits. The pits are lined with brick walls, which extend upward to the level of the floor. There is a grate bar in each pit at least one foot below the level of the base of the kiln, and below the grate bars are the ash pits. There are doors closing the openings into the furnace pits through which the furnace may be fed, and openings are also provided to which access may be had to the ash pits. The furnaces extend inwardly from both walls towards the longitudinal center of the kiln, and may be of any desired depth or length. The brick to be burned are built up between the side walls in the usual manner, tunnels or flues being formed transversely in the kiln directly over the furnaces. Two furnaces are arranged opposite each other, so that one tunnel or flue will serve to connect two of the furnaces. In piling the brick in the kiln, the individual bricks are so arranged in relation to each other as to admit the passage of the flame and combustion in the usual way. The brick, hav-

ing been piled within the kiln, are surrounded by casing consisting of a four-inch wall slanting towards the top, in two steps or terraces. The lower part of the casing is made to rest upon the side walls. The ends of the kiln are banked up with dirt, kept in place by means of planks and braces, and provided with a cap also constructed of planks. When the kiln is built according to the foregoing description, it may be sweated or dried out with soft slack coal, which is much less expensive and requires much less attention than either wood or coke. A kiln constructed in accordance with this invention, it is said, may be burned in from 75 to 80 hours, while with other kilns it takes nearly twice that time. The fires may be raked and the clinkers removed during burning without opening the furnace doors, thus preventing cold air from entering and damaging the brick while in the kiln. This is owing to the arrangement of the grate bars, say, one foot below the floor level of the kiln, as herein described; thus giving space for raking the fires without the necessity of opening the doors. The claim of the patentee is as follows: "In the brickkiln, the combination of the bed or base; the short independent side walls, having front openings for the furnace doors and ash pits; parallel pairs of open furnaces extending inwardly from said front openings in the side walls, and opening their entire length directly into the space inclosed by said walls and the body of the kiln; the casing, composed of upwardly sloping terraces, supported upon said side walls; the end walls, composed of dirt, banked up and overlapping the lower edges of the ends of the supported terraces; and an inclosing covering and cap composed of closely-laid plank, completely covering the outer faces of said end walls, and curved over and capping the top of the same, and meeting the faces of the overlapping terraces,—substantially as set forth."

Ingersoll & Peyton, for appellant.
Cooper & Davis, for appellees.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge (after stating the facts). The answer below denied infringement. It is conceded by the counsel, as it was by the plaintiff upon the stand, that the defendants do not use the short side walls, the casing of upward-sloping terraces, supported on the side walls or the end walls, composed of dirt, or the closely-laid plank covering, or the plank capping. The claim of the patent includes all these things as necessary elements of the combination stated. It is well settled that, in order to constitute the infringement of a combination, it must appear that the alleged infringing device includes every element of the combination as claimed. Electric Signal Co. v. Hall Ry., etc., Co., 114 U. S. 87, 5 Sup. Ct. 1069; Voss v. Fisher, 113 U. S. 213, 5 Sup. Ct. 511; Gage v. Herring, 107 U. S. 640, 2 Sup. Ct. 819; Water-Meter Co. v. Desper, 101 U. S. 332; Dunbar v. Myers, 94 U. S. 187; Reedy v. Scott, 23 Wall. 352; and cases cited.

It is immaterial that the elements claimed in the patent of plaintiff and omitted in the defendants' device are not of the essence of the real invention.

In Water-Meter Co. v. Desper, 101 U. S. 332, Mr. Justice Bradley, speaking for the supreme court, said:

"It may be observed, before concluding this opinion, that the courts of this country cannot always indulge the same latitude which is exercised by English judges in determining what parts of a machine are or are not material. Our law requires the patentee to specify particularly what he claims to be new, and, if he claims a combination of certain elements or parts, we cannot

declare that any one of these elements is immaterial. The patentee makes them all material by the restricted form of his claim."

The result is that no infringement was made out. Therefore, no injunction should have been issued. The court below reached the same result on another ground, which we do not find it necessary to consider.

The decree of the court below is affirmed.