## DICKINSON *v.* PARKER *et al.*

### (*Circuit Court, E. D. New York.* April 9, 1889.)

PATENTS FOR INVENTIONS—EXTENT OF CLAIM—INFRINGEMENT—ATOMIZERS.

In letters patent No. 282,090, July 3, 1883, to W. Kennish, the claim is for the combination of a normally flat air reservoir bulb with the main connecting tube between the pumping bulb and vessel from which the liquid is drawn in an atomizer, but the use of such a normally flat reservoir bulb in a syringe is not mentioned. Normally flat bulbs and elastic rubber reservoirs which expanded with each stroke of the pump, were old. *Held,* not infringed by a syringe having a normally flat-shaped reservoir bulb.

In Equity.

Bill by Charles B. Dickinson against Russell Parker and others, to restrain the infringement of letters patent No. 282,090, issued July 3, 1883, to W. Kennish.

*H. A. West,* for complainant.

*Edwin H. Brown,* for defendants.

LACOMBE, J. Kennish, the patentee, under whom the complainant claims, devised an improvement, which was no doubt as applicable to

syringes as it was to atomizers. After he had, by taking out his patent, made public the fact that the reservoir bulb through whose contractile action continuity of flow was sustained, might advantageously be made of a normally flat shape in an atomizer, the application of the same form to a syringe could not be sustained as an invention. Kennish, on the strength of his improvement, might perhaps have insisted on a claim which should cover syringes as well as atomizers. He did not do so, however. He claimed the combination of his "normally flat air reservoir bulb" with the main connecting tube between the pumping bulb and the vessel from which the liquid is drawn "in an atomizer." The description, as well as the claim, plainly points to a combination of parts in which the flow is induced from a liquid vessel, placed beyond the air-pump, by means of the expulsion of air from the pump,—an apparatus which is known as an atomizer. It nowhere describes a combination of parts in which the liquid discharged from the orifice is itself carried through the pump-bulb and propelled by the direct action of that bulb, —an apparatus which is known as a syringe. Normally flat rubber bulbs or bags were old, though not in combination with atomizers. Elastic rubber reservoirs, which expanded with each stroke of the pump, and contracted on the return stroke, finding their contractile force in a return to the normal density of the material of which they were composed, had been used in such combination. Kennish's invention was therefore an exceedingly narrow one. It finds its patentability, if at all, solely in suggesting a useful combination of known parts, and should be strictly construed. The patentee must be confined to the express description which he has given, to the express claim which he has made; and any suggestion of further combinations which may be latent in the one and not claimed in the other, is a dedication of that which is not claimed to the public. *Merrill* v. *Yeomans*, 94 U. S. 568; *Bridge Co.* v. *Iron Co.*, 95 U. S. 274; *Miller* v. *Brass Co.*, 104 U. S. 350; *Water Meter Co.* v. *Desper*, 101 U. S. 332; *Fay* v. *Cordesman*, 109 U. S. 420, 3 Sup. Ct. Rep. 236; *White* v. *Dunbar*, 119 U. S. 47, 7 Sup. Ct. Rep. 72; *Weir* v. *Morden*, 125 U. S. 98, 8 Sup. Ct. Rep. 869. As the defendants do not manufacture atomizers at all, but only use a combination of parts, which, although probably suggested by complainant's patent, was neither described nor claimed therein, they cannot be regarded as infringers. Usual decree for defendants.