### DE LAMATER et al. v. DEELEY et al.

(Circuit Court, S. D. New York. December 17, 1892.)

PATENTS FOR INVENTIONS—VALIDITY—PRIOR USE AND SALE—AIR ENGINES.
Reissued patent No. 9,414, granted October 12, 1880, upon original patent No. 226,052, issued March 30, 1880, to John Ericsson for an air engine, is invalid because the assignees of the inventor made and sold several machines substantially the same as that of the patent more than two years prior to the application.

In Equity. Suit by William de Lamater and others against Robert Deeley and others for infringement of a patent. Bill dismissed.

W. C. Witter and R. N. Kenyon, for orators.
Chas. G. Coe, for defendants.

WHEELER, District Judge. This bill is brought upon letters patent No. 9,414, reissued October 12, 1880, for original patent No. 226,052, dated March 30, 1880, and granted to John Ericsson, assignor, on an application filed February 19, 1880, for an air engine. The principal defense is that the machine had been in public use and on

sale for more than two years prior to the application. The proofs clearly show that C. H. de Lamater & Co., assignees of the invention, made several of these engines, and set up one for Jonathan Thorne, charged it to him, and sent a bill of it, which he paid by check October 6, 1875; that they sold another to Russell H. Hoadley in the summer of 1877, for which he paid $250; and that they sold some others; but these sales are the most significant. The plaintiffs claim that these engines were sold among friends for experimental use; but they were sold without reservation, and the experiment seems to have been more to see if unskilled persons could operate them than for the improvement of the machines. In Egbert v. Lippmann, 104 U. S. 333, the use of a pair of corset steels presented by the inventor to a friend was held to be sufficient to avoid the patent. The case at bar differs from Manufacturing Co. v. Sprague, 123 U. S. 249, 8 Sup. Ct. Rep. 122, where the sale was of the product of the machine itself. The court there said:

"A single sale to another of such a machine as that shown to have been in use by the complainant more than two years prior to the date of his application would certainly have defeated his right to a patent."

The engines sold were like those of the patent in all respects, except that in those a walking beam moved by the working piston was crooked, and at its end worked a pump at the side of the cylinder, while in those of the patent the walking beam is straight, and works the pump at the side of the cylinder opposite to the pivot of the walking beam; and in those the rod of the exchange piston was connected with the ends of a forked lever by a straight crosshead on the piston rod, and straight rods from the ends of the crosshead to the ends of the forked lever, while in those of the patent this connection is made by arched rods between the ends of the forked lever and the head of the piston rod. The walking beam was made straight in one of the first engines; the arched rods first appear in the application for the patent. The arched rods are better than the crosshead and straight rods were, and the straight walking beam is better where there is room for it than the crooked one was, but they do the same things in the same way. All the claims are for combinations of parts in such an engine; and the crosshead and straight rods were equivalents for the arched rods, and the crooked walking beam for the straight one, wherever found in these combinations. Those engines sold would have been full infringements of the patent. These absolute sales of these engines by those acting under the inventor, without reserve, more than two years before the application, appear to be a full answer to the patent.

Let a decree be entered dismissing the bill, with costs.