MESICK et al. v. MOORE et al.

(Circuit Court, D. Massachusetts. April 3, 1900.)

No. 712.

1. PATENTS—CONSTRUCTION OF CLAIMS—INFRINGEMENT.

Where a patentee in his specification and claims specifically describes a combination of certain elements in a machine, one of such elements, which performs a function expressly stated to be material and to constitute a feature of the invention, cannot be ignored, and a machine which contains no such part or its equivalent will not be held to infringe.

2. SAME—RACER FOR BRAIDING WHIPLASHES.

The Turner patent, No. 432,582, for a racer for braiding whiplashes and the like (claims 2 and 4), construed, and *held* not infringed by a machine made in accordance with the Moore patent, No. 575,428.

In Equity. Suit for infringement of a patent. On final hearing.

William A. Macleod, for complainants.

Allen Webster and Oliver R. Mitchell, for defendants.

BROWN, District Judge. This suit is for infringement of letters patent No. 432,582, granted to J. A. Turner, July 22, 1890, described as for a "racer adapted to the braiding of whiplashes and the like."

The question of infringement of the second and fourth claims will alone be considered. The specification states that the braiding of whiplashes "demands a strong and continuously-even tension, and an apparatus so constructed that the speed in running of the machine shall not change or derange the tension during the operation of braiding," and that it is the object of the invention to provide a racer "having the requisite tension for the braiding of whiplashes, which tension will not be changed or deranged by the running of the machine." The claims are as follows:

"(2) In a racer, the frame, 6, provided with pivot, 15, the ratchet, 17, the dog, 18, nut, 21, spring, 22, pin, 24, and saddle, 25, all so arranged and combined as to receive and produce the requisite tension on the thread or strand from the spool, 8." "(4) In a racer, the frame, 6, bent or formed at the top with a recess, 35, the ratchet, 17, dog, 18, nut, 21, spring, 22, pin, 24, and saddle, 25, the lower prong of the saddle having therein a recess, 36, and all so arranged and combined that the recesses, 35 and 36, shall operate as guides to the thread or strand passing between the ratchet and saddle."

The claims are definite and exact, and neither is fairly susceptible of more than one construction. There is, therefore, no room for the application of the rule stated in McClain v. Ortmayer, 141 U. S. 419, 425, 12 Sup. Ct. 76, 77, 35 L. Ed. 800, 802, "that, where a claim is fairly susceptible of two constructions, that one will be adopted which will preserve to the patentee his actual invention"; but the present case must be governed by the other rule therein stated, that, "if the language of the specification and claims show clearly what he desired to secure as a monopoly, nothing can be held to be an infringement which does not fall within the terms the patentee has himself chosen to express his invention."

In Water-Meter Co. v. Desper, 101 U. S. 332, 334, 25 L. Ed. 1024, 1026, it is said:

"Our law requires the patentee to specify particularly what he claims to be new, and, if he claims a combination of certain elements or parts, we cannot declare that any one of these elements is immaterial. The patentee makes them all material by the restricted form of his claim. We can only decide whether any part omitted by an alleged infringer is supplied by some other device or instrumentality which is its equivalent."

In this case we shall determine the question of infringement by a comparison of the second and fourth claims of the patent in suit with the device of the defendant, as illustrated and described in letters patent No. 575,428, issued to O. E. Moore January 19, 1897. The complainants contend that the gist of the invention is a "frictionally restrained, toothed wheel, which must revolve as the strand is drawn out," and that the machine of the patent in suit was the first ever made which contained a rotating, frictionally restrained, toothed tension wheel, operating in connection with a pressure device which will cause a strand passing between said device and toothed wheel to be engaged by the teeth of the wheel in such a manner that the wheel will be certain to rotate as the strand is delivered or pulled through the tension device. It is obvious, however, that the patentee did not, in his application, give to the patent office notice that he desired protection for an invention of that

breadth, and that protection for a claim so broad was not intended by the grant of his patent.

The elements of claim 2 which require our particular attention are: First. The ratchet, 17, or tension wheel. Second. Parts acting to exert a frictional restraint on the wheel, and to maintain such restraint: Dog, 18, spring, 22, pin, 24, nut, 21. Third. Part to hold the strand in contact with the ratchet, 17; i. e. saddle, 25. The proper tension on the strand is secured partly by the drag of the frictionally restrained tension wheel, acting on one surface of the strand, and partly by the saddle pressing upon the opposite surface of the strand; the saddle exerting an abrasive friction, while the wheel rolls with the strand, but resists its pull, through the restraint or drag on the wheel. The frictional restraint on the wheel is imposed as follows, using the language of the specification:

"It is obvious that the more firmly nut, 21, is screwed on, the more firmly will ratchet, 17, be held between such nut and frame, 6; and as the degree of tension depends on the ease or difficulty with which the ratchet, 17, turns on its pivot, the tension will be determined and controlled by the nut, 21."

This contains a clear statement of the means of originally imposing the restraint on the revolution of the wheel. In this the complainants' device resembles both the defendants' and the prior Philadelphia racer. That the maintenance of the tension is also material appears from the language of the specification, stating that the braiding of whiplashes demands "an apparatus so constructed that the speed or running of the machine shall not change or derange the tension," etc., and the further language, "which tension will not be changed or deranged by the speed or running of the machine." We find next in the specification a statement of the means for preventing a change or derangement of the tension originally imposed by turning nut, 21, "and further, as the dog, 18, has no revolution on pivot, 15, the pin, 24, prevents the turning of nut, 21, and thereby prevents the change or derangement of the tension," etc. The sole function of spring, 22, and pin, 24, working in nut, 21, and into the holes in dog, 18, is to lock nut, 21. It is a positive locking device. In the defendants' device we find, also, means for imposing a frictional restraint upon a tension wheel, or, rather, upon each of a pair of tension wheels. These wheels rotate upon "suitable pivotal axes or the screws, 14." The specification of the Moore patent, which illustrates the defendants' device, says:

"Between the under sides of the heads of said screws, 14, and the outer ends of said tension rollers are placed coil or other springs, 15, for frictional action against the ends of said rollers, whereby they are restrained from rotation excepting by the action of a strip of said braiding material, 8, while the latter is drawn between them."

In the defendants' device, however, there are no special devices for retaining the initial restraint. The continuance of the restraint depends entirely upon the initial adjustment of a nut. This was also the case in the Philadelphia racer. In each device the initial adjustment is effected by screwing the parts closely together. The function of particular parts mentioned in the claim, to wit, the "spring, 22," and "pin, 24," which works into holes in dog, 18, and

into nut, 21, to lock it, is not performed by any parts of the defendants' device. To hold the defendants for infringement requires us, therefore, either to disregard specific parts which by enumeration in the claim the patentee has conclusively declared to be material, and which have special functions, or so to broaden the claim as to make it cover any means for imposing frictional restraint upon the wheels, regardless of whether such means are objectionable on account of the lack of devices for preventing the change or derangement of the tension. Well-established rules of law forbid us either to enlarge the claims, or to disregard material parts of the combination.

We will now consider the parts which grip the strand, namely, ratchet, 17. and saddle, 25. The word "ratchet" is said by Calver, the complainants' expert, to be applicable either to a toothed wheel or a toothed bar. He also says that the term "ratchet-wheel" would indicate one having "teeth, one face of each of which is approximately radial, and the other face of which is tangential." This form of tooth is shown in the drawings of the patent. The specification employs the term a "tension-ratchet." Turner, the patentee, testifies that the ratchet-teeth are "so constructed that they may be sharpened with a common three-cornered file," and that the teeth, unless they are fairly sharp, have a tendency to let the strand slip, though he also says that a lack of sharpness can be overcome by putting more pressure on the saddle. He says, "The sharper they are, the less pressure need be put upon the spring that presses the saddle, to insure good work." The saddle, whose function, as stated in the specification, is "to hold the thread or strand as it is being unwound from the spool firmly in contact with the ratchet," "has a nearly semicircular fork, the prongs of which embrace the adjacent half of the ratchet, 17," while the opposite end is connected with the frame so that the saddle is "permitted to move to and from the ratchet as it may be affected by the varying size of the thread or strand in process of braiding." The tension resulting from the co-operation of ratchet and saddle demands that they should be constructed substantially as specified in the patent. The special form of teeth and of saddle permits a certain degree of abrasive friction on one side of the strand, and it seems essential that the teeth should have an edge somewhat sharp, to engage the strand and prevent slipping, and, on the other hand, that the teeth should be so shaped as not to cut the strand. The defendants' device for gripping the strand consists of two co-operating spur gears. Both of these are frictionally restrained, and the strand pulls against both wheels, both yielding to the pull. One of the gears is fixed to the stationary frame, while the other is attached to a spring-controlled vibratory support which is pivotally hung to the stationary frame. The relative position or proximity of the defendants' tension rollers is thus made variable. Mr. Calver testifies that the wheel, 13, of the defendants is the equivalent of complainants' saddle, because it holds the strand in such contact with the wheel, 12, as to cause wheel, 12, to rotate as the strand is delivered, and thereby impart tension to the strand. It is evident, however, that the tension of

the strand in defendants' device is caused by a crimping between two gears, whose teeth are so related that they would interlock but for the interposition of the strand. The abrasive action of saddle and ratchet is not present. The strand pulls against two frictionally restrained rollers, each of which yields to the pull.

In view of the specific description of the specification, and of the narrow character of the claims and of the invention, I am of the opinion that complainants' patent must be restricted to the ratchet with teeth of substantially the shape denoted by that term as generally used, and shown in the drawing, co-operating with a saddle of substantially the kind described in the patent. The defendants have neither ratchet, saddle, or positive locking device, and therefore do not infringe the combination of the second claim. The finding as to the second claim is also conclusive as to claim 4, which enumerates, as essential parts, the ratchet, 17, dog, 18, nut, 21, spring, 22, pin, 24, and saddle, 25. I find, therefore, that claims 3 and 4 are not infringed. The bill will be dismissed.