## LEVY v. HARRIS et al.

### (Circuit Court, E. D. Pennsylvania. June 3, 1903.)

### No. 45.

1. PATENTS—INFRINGEMENT—EQUIVALENTS.

A patentee is not to be denied the benefit of the doctrine of equivalents, to the extent necessary to protect his actual invention, although it may be a narrow one.

2. SAME—CLAIM FOR COMBINATION.

In a claim of a patent for a combination, all the elements which the patentee has specified must be regarded as material, and infringement cannot be found in a device in which one of such elements is omitted, unless an equivalent part is employed.

8. SAME—OMISSION OF PARTS—QUILL-GRINDING MACHINE.

The Levy patent, No. 664,564, for a quill-grinding machine, claim 1, *held* valid, but not infringed by a machine which, while substantially the same in all other respects, omits the "means for adjusting the tension of the said spring," which is made an element of the claim, and employs no equivalent therefor.

In Equity. Suit for infringement of letters patent No. 664,564, for a quill-grinding machine, granted in December, 1900, to Salovitz Levy. On final hearing.

Horace Pettit, for complainant.

Joshua Pusey, for respondents.

J. B. McPHERSON, District Judge. This bill seeks to restrain the infringement of letters patent No. 664,564, which were granted to the complainant in December, 1900, for improvements in machinery for grinding the quills of feathers. The principal object of the invention is thus described in the specifications:

"My invention relates to certain improvements in machines for grinding the quills of feathers; and the principal object of the same is to provide a machine which is simple in construction, and which will rapidly grind the ribs of the quill of the feathers, and remove all pith from the same, leaving only the bone portion of stems, with the web or vanes running from each edge, thus rendering the said quill of the feathers soft and pliable, and capable of withstanding considerable bending without the liability of breaking."

This object is satisfactorily accomplished by the complainant's machine, and I have no doubt the device displays patentable invention. Indeed, the defense of lack of novelty was practically abandoned at the argument.

The first claim, which is the only one involved, is as follows:

"In a quill-grinding machine, the combination, with the supporting-frame, of a grinding-roll journaled in said frame, a presser-roll, C, bearings for said presser-roll suspended in the machine-frame so as to be capable of moving upwardly, means for adjusting said suspended bearings so as to regulate the distance between the presser-roll and the grinding-roll, a spring, H, adapted to bear at each end on the suspended journal-bearings, means for adjusting the tension of the said spring, and a pair of feeding and crushing rolls arranged in front of the grinding and presser rolls, located so as to hold the quills while the grinding-roll is operating to remove the pithy material from the bone of the quill, substantially as described."

¶ 2. See Patents, vol. 38, Cent. Dig. § 387.

The defendants' machine presents substantially every element thus enumerated, and each element operates to produce the same result as in the complainant's machine, unless there be a substantial difference in the respective springs that bear upon the suspended journal bearings. The specifications describe a bowed or plate spring, and this is also shown in figure 1 of the drawings.

"The spring, H, is bowed, as illustrated, and bears at each end upon the journal-boxes, d, of the presser-roll, C, for the purpose of keeping the said presser-roll in constant contact with the grinding-roll, or, in other words, for the purpose of keeping the quill, during the operation of the machine, in close contact with the grinding-roll, while at the same time allowing the said presser-roll to yield upwardly. Each end of the spring, H, is provided with an elongated opening, through which the bolts, e, pass. The tension of the spring, H, may be increased or diminished by adjusting the screw, h, carried by the bar, G."

Instead of a spring of this description, the defendants use a spiral spring at each end of the presser-roll, and this, as I have already stated, is the only difference between the two machines. In my opinion, it is also an immaterial difference, for the spiral springs perform the same office and reach the same results in the same way as does the bowed spring of the complainant, and are evidently intended as a mere evasion of the patent. I see no difference in principle between the case now under consideration and Lepper v. Randall, 113 Fed. 627, 51 C. C. A. 337, in which the Circuit Court of Appeals for this circuit decided that a wrapper for boiling a ham, which was described as formed of a mat, and lacing devices on the back thereof, was infringed by a wrapper in all respects identical with the patented article, except that the fastenings were straps and buckles, instead of the lacing cord used upon the patented article. It may be conceded, for the purposes of this case, that the complainant's patent is to be narrowly construed; but I may say here, as the Court of Appeals said in the case referred to, that "in no case is a patentee to be denied protection commensurate with the scope of his actual and distinctly described and claimed invention, by wholly excluding him from the benefit of the doctrine of equivalents." Applying the doctrine here as it was applied there, since it is obvious that the departure made by the defendants from the patent in suit is merely formal, and of such a character as to suggest that it is a studied evasion of the claim in suit, I have no difficulty in reaching the conclusion that the complainant is entitled to the usual decree for an injunction and an accounting.

### Upon Reargument.

#### (August 19, 1903.)

When I came to decide this case, several weeks ago, my recollection of the oral argument was that the particular point now urged was not insisted upon, and that the defendants relied almost wholly upon the substantial difference between their own coiled spring and the plate spring of the patent. Accordingly, I paid little attention to a position that I supposed to be abandoned, and for that reason the opinion does not refer to it. I am ready to believe, however, that the defendants' counsel remembers more accurately, and that my own rec-

ollection concerning the oral argument was mistaken. At all events, there is no doubt that the printed record and the defendants' original brief develop with sufficient distinctness the point that was previously laid aside, but is now pressed upon the court for special consideration. The argument is this: The patent claims as one of the elements in the combination "means for adjusting the tension of the said spring." The specification shows that the particular means described by the inventor was the screw, h. "The tension of the spring, H, may be increased or diminished by adjusting the screw, h, carried by the bar, G." Neither this screw, nor any equivalent device, is to be found in the defendants' machine; but the tension of the springs is adjusted therein by the same means that is used for regulating the distance between the two rollers, namely, by the bolts, e. The defendants have therefore omitted entirely one element of the plaintiff's combination, and accordingly cannot be held to infringe. I think this position is sound, and is supported by the following authorities: Water Meter Co. v. Desper, 101 U. S. 332, 25 L. Ed. 1024; Wright v. Yuengling, 155 U. S. 47, 15 Sup. Ct. 1, 39 L. Ed. 64; Pittsburg Meter Co. v. Supply Co. (C. C. A., 3d Circuit) 109 Fed. 644, 48 C. C. A. 580. As was said in the last-cited case:

"Nothing in the law of patents is better settled than the rule that a claim for a combination is not infringed if any one of the described or specified elements is omitted, without the substitution of any equivalent thereof."

Neither is the argument effectively answered, as the plaintiff seems to suppose, by asserting (what is, no doubt, true) that the screw, h, or any equivalent means for adjusting the tension of the spring, performs a comparatively unimportant function, and might have been left out of the claim without seriously impairing the efficiency of the patent. It is probably the fact that, after the machine has been properly set, it may not be necessary to touch the adjusting screw, h, for months; and it may also be the fact that the tension can be adjusted nearly, if not quite, as readily by proper movements of the bolts, e. Nevertheless it cannot be denied that the patentee chose to make "means for adjusting the tension of the said spring" a separate element of his combination, and under the decisions he cannot now be heard to disclaim its importance. As was said in Fay v. Cordesman, 109 U. S., at the foot of page 420, 3 Sup. Ct., at page 244, 27 L. Ed. 979:

"The claims of the patent sued on in this case are claims for combinations. In such a claim, if the patentee specifies any element as entering into the combination, either directly by the language of the claim, or by such a reference to the descriptive part of the specification as carries such element into the claim, he makes such element material to the combination, and the court cannot declare it to be immaterial. It is his province to make his own claim, and his privilege to restrict it. If it be a claim to a combination, and be restricted to specified elements, all must be regarded as material, leaving open only the question whether an omitted part is supplied by an equivalent device or instrumentality. Water Meter Co. v. Desper, 101 U. S. 332 [25 L. Ed. 1024]; Gage v. Herring, 107 U. S. 640 [2 Sup. Ct. 819, 27 L. Ed. 601]."

Here a part has been omitted altogether, and its place is not supplied by any other device or instrumentality.

I have reached this conclusion with some reluctance, for I have not

changed my belief that the defendants' machine is in all respects, save in this insubstantial difference, a deliberate imitation of the plaintiff's useful device, and I regret to see the success of such an attempt. But the authorities seem to leave no escape, and I obey what appears to be their plain command.

A decree may be entered dismissing the bill at the costs of the plaintiff.