MOLINE PLOW CO. v. MORGAN et al.

(Circuit Court of Appeals, Seventh Circuit. April 10, 1917.)

No. 2410.

PATENTS ⬥⬥328—INFRINGEMENT—CORN-PLANTER.

The Dooley patent, No. 682,178, for dropping mechanism for corn-planters, is for an improvement on prior devices only designed to secure accuracy in the number of grains dropped at one time, and must be limited to the specific device described and claimed. As so construed, *held* not infringed.

Appeal from the District Court of the United States for the Northern Division of the Southern District of Illinois.

---

⬥⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by Elmer E. Morgan, trustee. Deere & Mansur Company, D. M. Sechler Implement Company, Clarence H. Dooley and Harry L. Dooley, against the Moline Plow Company. Decree for complainants, and defendant appeals. Reversed.

From a decree sustaining patent No. 682,178 to Harry L. Dooley, granted September 10, 1901, and enjoining further infringement, appellant appeals. Defense, noninfringement.

The patent covers a "dropping mechanism for corn-planters," the use of which, it is claimed, resulted in greater accuracy. The claims in question are 1, 2, 9, 11, and 12 which read as follows:

Claim 1. "In a dropping mechanism for corn-planters a hopper-bottom having an annular channel into which grains settle indiscriminately a horizontal rotating ring or plate at the bottom of said channel having cells adapted to receive the grains edgewise only, and means for agitating the grains in the channel and arranging them so that they enter the cells edgewise."

Claim 2. "In a dropping mechanism for corn-planters, a hopper-bottom having an annular channel into which the grains settle indiscriminately, a horizontal rotating ring or plate at the bottom of said channel having cells adapted to receive the grains edgewise only, and projections on said ring extending up into the channel between its side walls for the purpose of agitating the grains and causing them to enter the cells edgewise."

Claim 9. "In a dropping mechanism for corn-planters, a hopper-bottom having an annular upwardly flaring channel, a rotating ring at the bottom of said channel, and a flange on said ring projecting upwardly into the channel between its side walls, said flange being cut away at intervals to form cells adapted to receive the grains edgewise only, and said flange also having portions of its outer edge chamfered off between the cells."

Claim 11. "In a seed measuring and delivering mechanism for corn-planters, an annular channel in the hopper-bottom constructed to receive the grains indiscriminately, and a horizontal rotating ring or plate at the bottom of said channel having cells adapted to receive the grains edgewise only, said plate being constructed to agitate the grains lying in the channel above and arrange them so that they enter the cells edgewise."

Claim 12. "In a hopper-bottom for corn-planters, an annular channel constructed to permit the grains to settle indiscriminately therein, a rotating ring or plate at the bottom of said channel, having cells adapted to receive the grains edgewise only, and projections on the plate extending into the channel for agitating and changing the positions of the grains lying therein from an indiscriminate arrangement to an edgewise arrangement with respect to the cells."

Efforts to perfectly control the number of kernels that might be dropped from the corn-planter at one time, have been persistently made for many years, one of the first being by Morgan, patent No. 176,190, April 18, 1876, followed by Vogel & Beitzell patent No. 254,444 February 28, 1882, Cole patent No. 439,773, November 4, 1890, Spangler patent No. 418,823, January 7, 1890, Charles H. Dooley patent No. 593,295, November 9, 1897, Harry L. Dooley patent No. 630,452, August 8, 1899. Greater accuracy was their sole object.

Morgan's contribution lay in the idea that accuracy was obtainable through a mechanism that passed one and only one kernel at a time. Since Morgan's discovery, cells or seed-cups corresponding to the size of a kernel of corn have been invariably provided. The greatest possible accuracy was not obtained by Morgan, by reason of the fact that the cells were not constructed so as to necessarily receive the kernels lengthwise.

Cole provided means for the kernels reaching the cells, and in his description he says: "The seeds contained in the hopper are forced, partly by their own weight, and partly by spiral ribs or flanges upon the upper conical side of the seed wheel, into the cups or perforations of the latter."

The Clarence H. Dooley patent No. 593,295, November 9, 1897, covers an invention which appellant relies on as the basis of its contention that claims of appellee's patent are very restricted. In the description of this patent we find the following: "The main object of my present invention has been to solve the

problem of overcoming the second hereinbefore recited defect by providing a seed measuring and delivering mechanism in the seed box which will, when operated as hereinafter described or otherwise, effectually separate single grains of seed from the supply in said seed-box, arrange them on edge, and deliver them edgewise to the seed-cups, which will receive them singly in substantially every one of the seed-cups of the seed measuring and delivering mechanism at each revolution of the series of seed-cups and deliver said single grains regularly, uniformly, and with nearly absolute certainty from each seed-cup of said measuring and delivering mechanism as said seed-cups pass successionally in their orbital paths over the throat of the seed-tube."

Claim 3 of this patent reads as follows: "In a corn-planter, and in combination substantially as described, a seed-cup wheel having seed-cups elongated circumferentially of said wheel and contracted or narrow radially thereof, and having an annular rim projecting upwardly from its outer side, and a central cap-plate located within said rim and at such distance therefrom as to leave a narrow groove or feedway between them which will only admit grains edgewise, and which serves to feed grains or kernels of corn edgewise to the underlying narrow seed-cups in the seed-cup plates."

In another Harry L. Dooley patent No. 630,452, we find the following: "This invention relates to improvement in corn-planters, but is more especially designed for use in connection with that class of corn-planters known as 'rotary drop check-rowers,' which class is exemplified by letters patent No. 593,295, granted to Clarence H. Dooley, November 7, 1897. In the machine of the said letters patent was effectually cured the previously existing defects in machines of this class due to the irregularity of the feed by providing a seed measuring and delivering mechanism in the seed-box, which effectually separated single grains of seed from the supply in said seed-box, arranged them on edge, and delivered them edgewise to the seed-cups, which received them singly in substantially every one of the seed-cups at every revolution of the seed-cup wheel and delivered said single grains regularly, uniformly, and with nearly absolute certainty from each seed-cup to the throat of the seed-tube as said cups passed successively in their orbital travel."

Appellant used three forms of devices, one being known as the "Flying Dutchman," and the others were known as the "Three in One" and "Gilt Edge." So far as this case is concerned, reference will be made to the latter two styles only as the "Three in One."

The drawings below are illustrative of the devices, and are nearly self-explanatory. Each represents merely the mechanism used in the bottom of a hopper, and is intended to provide a certain means for dropping a single kernel of corn at one time.

### COMPLAINANTS' DEVICE.

*Dooley Plate*

Stationary Cap Plate — Outer Channel Wall — Rotating Seed Ring — Stationary Cap Plate — Rotating Seed Ring — Open Sided Cells — Beveled Forward Cell Wall For Positioning Kernel

APPELLANTS' "FLYING DUTCHMAN."

APPELLANTS' "THREE IN ONE" DEVICE.

All three devices are provided with rotating plates or rings, having cells into which the corn drops as the plates rotate.

Complainants' plate has projections called agitators, forming one wall of the cell. The combination covered by complainants' patent includes: (a) An annular channel; (b) a rotating plate provided with cells to receive a single kernel of corn; (c) an agitator as described in the drawing.

Appellants' device known as the "Flying Dutchman" has a rotary plate but no separate annular channel. Corn moves in the hopper, but not because of any agitator such as is disclosed in the corn-planting device.

Appellants' "Three in One" device has a separate rotating plate, but no agitator similar to, or the mechanical equivalent of, the agitator found in appellee's structure. The cells are of double depth, and an added element called an ejector, is provided to remove the extra kernel from the cell just before the

rotating plate permits the remaining kernel to drop into the cup below. It is provided with a trough-shaped channel into which the corn settles. The novelty consists of the means adopted to make certain that one kernel is in the cell when that cell passes over the opening below.

Thomas A. Banning and Samuel W. Banning, both of Chicago, Ill., for appellant.

H. H. Bliss, of Washington, D. C., for appellees.

Before BAKER, KOHLSAAT, and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). The question for determination is one of fact, and we are required merely to draw our conclusion from the foregoing statement. An examination of the drawings discloses that all of the devices have some common features, but these common features are old to the art and available to both patentees. In determining what Harry L. Dooley contributed to the art by the device covered by his patent in suit, it is necessary to first consider the particular elements in the combination that were old.

There was nothing new in the annular channel in a corn-planting device, nor in a cell for taking care of a single grain of corn, nor in an agitator as such. The idea of the annular channel, if patentable at all, was clearly anticipated by Clarence Dooley, by Spangler, and by Morgan. A cell capable of receiving a single grain of corn, as well as the size and shape of a cell capable of receiving but one kernel lengthwise, was clearly anticipated by the Clarence Dooley device, and by others.

In fact no novelty was claimed therefor. In the specifications forming a part of the patent in question, the following appears:

"No particular novelty is claimed herein for the shape or size of these cells, and in regard to this detail it need only be said that the cells are intended to receive and hold only one kernel or grain at a time, and should therefore be of a length and width adapted to the dimensions of the average grains."

It is true that the annular channel, as well as the agitator, differed in some respects from the previously patented devices. These distinctions, together with the particular combination of elements found in the claims, mark the patentable features of the invention under consideration.

In view of the prior art, appellee's patent apparatus must be confined to the specific device described in the specifications and claims. A rule of law applicable to the situation is well set forth in Sander v. Rose, 121 Fed. 840, 58 C. C. A. 176, as follows:

"When two inventors have each adopted the substantial features or elements of an earlier invention, making, respectively, but slight changes in or improvements upon the earlier device, each will be limited to his own specific form of device; and, if there are differences therein, neither device will be held to be an infringement of the other. In all such cases, the general words of the claim, especially where the claim contains words of reference to a more particular description of the thing patented, which is contained in the specification, will be held to cover only the structure or the device so particularly described."

Another rule of law, announced in the case of Water Meter Co. v. Desper, 101 U. S. 332, 337, 25 L. Ed. 1024, can also be well applied to the facts in this suit.

"Our law requires the patentee to specify particularly what he claims to be new, and if he claims a combination of certain elements or parts, we cannot decree that any one of these elements is immaterial. The patentee makes them all material by the restricted form of his claim. We can only decide whether any part omitted by an alleged infringer is supplied by some other device or instrumentality which is its equivalent."

While infringement is not avoided by the substitution of a mechanical equivalent for one of the missing elements, we are unable to find in appellants' "Flying Dutchman" any mechanical equivalent for the agitator and the separate annular channel appearing in each of the claims under consideration.

Likewise in the "Three in One" device the absence of an agitator such as is described in the claims of appellee's patent, together with the differently constructed cells, supplied with appellants' ejector, makes the conclusion that there is no infringement of appellants' devices irresistible. Each of appellants' devices fails to respond to any of the claims in controversy.

The decree is reversed with directions to dismiss the bill.