## TIPP FIREWORKS CO. et al. v. VICTORY SPARKLER & SPECIALTY CO.

### No. 866.

District Court, D. Delaware.

March 30, 1932.

Toulmin & Toulmin, of Dayton, Ohio, and Charles C. Keedy, of Wilmington, Del., for plaintiffs.

Charles S. Grindle (of Watson, Coit, Morse & Grindle), of Washington, D. C., and John Pearce Cann, of Wilmington, Del., for defendant.

NIELDS, District Judge.

This is a patent suit of the Tipp Fireworks Company, exclusive licensee, and Henry B. Faber and Louis L. Driggs, Jr., against Victory Sparkler & Specialty Company for infringement of United States letters patent No. 1,785,770, for an aerial toy, granted to Faber and Driggs December 23, 1930. In their bill of complaint plaintiffs charge unfair competition in aggravation of infringement.

The plaintiff relies on infringement of claims 1, 2, 3, and 8. The defenses are noninfringement of claims 1, 3, and 8, invalidity of claim 2, and a denial of unfair competition. Claims 1 and 2 read:

"1. In a device of the class described, a base, a tube secured to the base, an explosive chamber in said tube, a fuse running to said explosive chamber, an explosive in said chamber, a projectile closing the upper end of said chamber, said projectile having a time fuse, an expelling charge chamber, an explosive in said last mentioned chamber, means for transmitting a thrust from the bottom to the top of the chamber, a rigid means mounted on the top of said second explosive chamber, a parachute wrapped about said means and means for securing the parachute to the means, whereby the thrusts due to the various explosions will in no way injure the parachute nor interfere with its operation when functioning.

"2. In a device of the class described, a base, a cylindrical tube rising from said base, an explosive chamber at the bottom of said tube and on said base, a fuse running to the explosive chamber, an explosive in the chamber, a projectile closing the upper end of the chamber, said projectile having a cylindrical wall secured to its base, a time fuse in said base and passing above the same, an expelling charge chamber above the disc, an expelling charge in the expelling charge chamber, a check at the top of the expelling charge chamber and means for carrying a parachute above the check."

While designated in the application and patent as an "aerial toy," the patented device belongs in the art of fireworks and pyrotechnics. This is a very old art. Dr. Faber, joint patentee, is one of the leading specialists in this field in the United States, being at one time Dean of Pyrotechnics Schools, Ordnance Department, U. S. A. He and his copatentee had been engaged in the development of ordnance which required as nearly perfect functioning as it was possible to get. From this experience they conceived a new idea. As stated in the specification it was "to provide a device wherein a paper parachute may be blown into the air with a weight suspended therefrom and thereafter be allowed to drift with the wind and fall to the earth slowly under the influence of gravity." They translated ordnance work into a toy that functioned 100 per cent. After considerable experimentation they made the invention.

Mortars for firing projectiles into the air with a propelling charge of powder in the lower part of the mortar and a fuse running to the propelling charge were old and well known: Reed, 950,956; Kindig, 591,848; Bergman, 1,318,719; Pain, 1,299,217. Projectiles designed to be fired into the air from a mortar containing a time fuse and expelling charge were also old: Hirayama, 282,891; Bergman, 1,318,719. Parachutes with pendant weights had been in common use for many years.

The patent is for a combination of a mortar with propelling charge and a projectile with an expelling charge. The mortar expels only one projectile, thus avoiding all danger arising from the repeated use of a mortar. The projectile completely fills the interior of the mortar so that there can be no escape of gases. The projectile is provided with a thin disc forming its base. A new and novel time fuse is in the center of the base and extends upwardly some distance. On the base is a collar extending above the fuse. On top of the collar is another disc with a downwardly extending

flange. Resting upon this disc is a rigid metal figure. Around the figure is wrapped the paper parachute. The top of the projectile is closed with a cap.

The real controversy between the parties is the question of infringement, and turns upon the words of claim 1, "means for transmitting a thrust from the bottom to the top of the chamber," and of claims 3 and 8, "an annular collar" in the base of the projectile. Undoubtedly the "means for transmitting a thrust" of claim 1 and the "annular collar" of claims 3 and 8 define the same element. What then is the function of this means or collar? The specification of the patent defines the annular collar in the words: "Between the disc 15 and the disc 8 is placed an annular collar so that when the projectile is fired from the tube 4 [the mortar], the thrust on the disc 8 [base of projectile] is transmitted to the disc 15" sustaining the metal figure. Plaintiffs' Exhibit No. 7 is an enlarged reproduction of figure 1 of the patent. On this exhibit the annular collar is marked with the legend, "Thrust member." Of the numerous elements in figure 1 the collar and the metal figure are the only ones so described. Under cross-examination Dr. Faber, one of the plaintiffs and one of the patentees, admitted that the collar is a "thrust member." Disc 8 or base of the projectile receives the thrust from the explosion of powder in the mortar. With the same explosion, disc 15, sustaining the metal figure, receives the thrust or setback caused by the resistance of the air and the weight of the metal figure. Between these discs is the annular collar which serves as a "thrust means" or means for resisting displacement or impairment of the time fuse of the projectile. That the patentees had this function of the collar in mind is confirmed by the testimony of Dr. Faber. He said: "When Mr. Driggs first started this work we were terribly annoyed by the fact that we were bringing our innards of this projectile down on top of the fuse and preventing its functioning. We got around it by a protecting collar." The record clearly establishes that the annular collar is a necessary and vital element of claims 1, 3, and 8 of the patent in suit.

Does defendant infringe? Without doubt defendant's construction does not include this "annular collar" in the base of the projectile. Nor is there anything in defendant's device corresponding to or the equivalent of this collar. Plaintiff says that the side walls of the projectile in defendant's device constitute means for transmitting a thrust from the lower to the upper disc of the expelling charge chamber of the projectile. But it is difficult to perceive how the side wall of the projectile can function in any way to keep the metal figure and parachute from coming down and crushing the time fuse. Further, in defendant's construction there is no necessity for any means to protect its time fuse because the fuse is merely the familiar string with a train of powder and needs no protection.

It is well settled that the omission of one element of a combination, covered by any claim of a patent, avoids infringement, whether or not the omitted element was essential to the combination of the patent, and whether or not it was necessary to the operativeness of the device. A combination is an entirety. If one of its elements is omitted, the thing claimed disappears. Prouty v. Draper, 16 Pet. 336, 341, 10 L. Ed. 985; Water-Meter Co. v. Desper, 101 U. S. 332, 335, 25 L. Ed. 1024; Cimiotti Unhairing Co. v. American Fur Ref. Co., 198 U. S. 399, 410, 25 S. Ct. 697, 49 L. Ed. 1100; Ladd v. W. & H. Walker, 7 F.(2d) 72 (C. C. A. 3). If an inventor goes to the prior art and takes therefrom five elements which he puts together in a combination he may create a patentable invention. Another inventor may go to the same art and take therefrom four of the same elements and make a combination which will serve the same purpose and do all of the work of the first and do it equally well and not infringe. Such combination is not the same, but a different one. The invention is not in the elements but in the combination. Concrete Appliances Co. v. Gomery (D. C.) 284 F. 518. In Cimiotti Unhairing Co. v. American Fur Ref. Co., 198 U. S. 399, 410, 25 S. Ct. 697, 702, 49 L. Ed. 1100, Mr. Justice Day said: "In making his claim the inventor is at liberty to choose his own form of expression, and while the courts may construe the same in view of the specifications and the state of the art, they may not add to or detract from the claim. And it is equally true that, as the inventor is required to enumerate the elements of his claim, no one is an infringer of a combination claim unless he uses all the elements thereof." The patentees saw fit to include in their combination the elements found in the claims. It was necessary for them to do so in view of the prior art. Having done so, the court has no right to eliminate any one of those elements. The defendant does not use that combination and, therefore, does not infringe.

Little need be said of claim 2. Features embodied in the other claims are lacking in it. It is unnecessary to discuss the prior art and prior use. It is "not a patentable combination, but an aggregation of elements." Grinnell Washing Mach. Co. v. Johnson Co., 247 U. S. 426, 38 S. Ct. 547, 550, 62 L. Ed. 1196; Elevator Supplies Co. v. Graham & Norton Co., 44 F.(2d) 358 (C. C. A. 3).

The essence of the wrong in unfair competition consists in the sale of the goods of one manufacturer or vendor for those of another, and if defendant so conducts its business as not to palm off its goods as those of complainants the action fails. Howe Scale Co. v. Wyckoff, Seamans, etc., 198 U. S. 118, 140, 25 S. Ct. 609, 49 L. Ed. 972. There is no evidence in this case of unfair competition on the part of the defendant.

The bill of complaint must be dismissed.