**William P. WHITLEY, Jr. and Southeastern Fabricators, Inc., Plaintiffs-Appellants,**

v.

**ROAD CORPORATION d/b/a Hitchhiker Trailers, Defendants-Appellees.**

**No. 77–2965.**

United States Court of Appeals, Fifth Circuit.

Aug. 22, 1980.

James E. Tribble, Todd Cowart, Miami, Fla., for plaintiffs-appellants.

Talbot W. Trammell, Miami, Fla., for defendants-appellees.

Before COLEMAN, Chief Judge, FRANK M. JOHNSON, Jr. and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

William P. Whitley's patent application on February 22, 1974, covering a guide and support mechanism for boat trailers resulted in the grant of Patent number 3,873,130 on March 25, 1975. Southeastern Fabricators included Whitley's design in its 1974 Summer catalog under the trade name "Float-On." This device is a commercial success, thousands have been sold.

In March 1975, appellee Road Corporations's Hitchhiker Trailer division began marketing a trailer called "Drive-On" which is virtually indistinguishable from the "Float-On" trailer.

Appellants sue, alleging that Hitchhiker's "Drive-On" trailers infringe their patent. After a bench trial the district court found the patent invalid because it was "obvious" under 35 U.S.C. § 103.[1] We affirm.

Novelty, usefulness, and non-obviousness are three independent conditions which must be satisfied before a device may be patented. *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). We focus, as did the district court, on the last criterion.[2] We inquire whether the "Float-On" device was non-obvious in light of the prior art. While the answer is deemed a question of law, "the resolution [of this issue] necessarily entails several basic factual inquiries . . ." *Sakraida v. Ag Pro, Inc.*, 425 U.S. 273, 280, 96 S.Ct. 1532, 1536, 47 L.Ed.2d 784 (1976); *Control Components, Inc. v. Valtek, Inc.*, 609 F.2d 763 (5th Cir.1980); *Robbins Co. v. Dresser Industries, Inc.*, 554 F.2d 1289 (5th Cir. 1977). The Supreme Court directs that three factual determinations be made in conducting the § 103 non-obviousness test: (1) the scope and content of the prior art; (2) differences between the prior art and the claims at issue; and (3) the level of ordinary skill in the pertinent art. Once these facts are marshalled, the obviousness or non-obviousness of the subject matter may be readily ascertained. *John Deere*, 383 U.S. at 17, 86 S.Ct. at 693. There is to be strict adherence to these fact-finding requirements in resolving infringement dis-

---

1. 35 U.S.C. § 103 provides:

 Conditions for patentability: non-obvious subject matter

 A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

2. Finding that non-obviousness is lacking, we need not address in detail whether the novelty condition is satisfied. The district court found "novelty is lacking," a factual determination which is not clearly erroneous.

putes. *Anderson's-Black Rock v. Pavement Co.*, 396 U.S. 57, 62, 90 S.Ct. 305, 308, 24 L.Ed.2d 258 (1969); *John Deere Co.*, 383 U.S. at 18, 86 S.Ct. at 694. The district court applied the test in a generalized and conclusory manner and did not make particularized findings of fact. This failure is merely a hindrance and not a fatal error, as we have stated:

> The obviousness of the patent in light of the prior art is so clear from the record that we find it unnecessary to remand this case for a resolution of the factual inquiries required by *Anderson's-Black Rock, Inc. v. Pavement Salvage Co., supra* and *Graham v. John Deere Co., supra.* Where the evidence is such that without weighing the credibility of witnesses there can be but one reasonable conclusion as to the result, the case can be taken from the fact finding body. [citations omitted]

*Waldon v. Alexander Manufacturing Company*, 423 F.2d 91, 93 (5th Cir.1970)

The record is replete with facts which establish beyond peradventure that the appellee has satisfied its burden of establishing the patent's invalidity. *Cathodic Protection Service v. Am. Smelting, Etc.*, 594 F.2d 499, 505 (5th Cir.1979) *cert. denied*, 444 U.S. 965, 100 S.Ct. 453, 62 L.Ed.2d 378. We make a brief application of the tri-partite test for obviousness.

### *Scope and Content of the Prior Art*

■ Appellants' Float-On trailers have four basic components: wooden V-blocks, V-guide rails, plastic sleeves, and cylindrical end caps, all of which have been known to the trailer industry for many years.

Wooden V-blocks have been used by trailer manufacturers at least since 1950. Sales brochures from the 1950's, introduced in evidence, contain pictures of submersible boat trailers with V-blocks. Frank H. Peterson, a trailer manufacturer and expert on the subject, testified that during the 1950's, 95 percent of his competition employed V-blocks on the front of their trailers. Peterson considered the V-block basic to trailer design.

Peterson also testified that V-guide rails used in his 1950 models performed the centering function in a fashion similar to the Float-On V-guide. The uncontradicted testimony of another witness, Walter O. Meloon, indicated that during the 1930's his company incorporated the V-guide rail dimension into its product. Moreover, four patents issued prior to Whitley's disclose V-guides on the bows of boat trailers.

The Float-On trailer seeks to minimize sliding friction between the boat being loaded and the guide rail by covering each longitudinal cylindrical guide rail with plastic sleeves. Sheathing contact points on bow guides to minimize friction has been a well-known principle in the art for years. According to Mr. Meloon, rubber hosing has been used to furnish the gliding effect accomplished by Whitley's "plastic sleeve" as far back as the 1930's.

Finally, the cylindrical end caps in Whitley's design add nothing to their position. They are not incorporated in appellee's design. Even if they were, they are obvious, mechanical, and ancient devices, well known in every art. We seal the "end cap" dispute by noting that the earlier DeWald Patent, No. 2,984,498 reveals "caps" at the end of pipe spindles.

### *Differences Between the Prior Art and the Claims at Issue*

One word succinctly characterizes the distinction between the prior art and the present patent: negligible. As reflected above, V-blocks and guide rails as well as plastic sleeves and caps are devices which have been utilized in this field for decades. Reinventing the wheel, as appellants have done, by repackaging an existing device with slight variations in size and proportion does not a patentable item make. *Powers-Kennedy Co. v. Concrete Co.*, 282 U.S. 175, 51 S.Ct. 95, 75 L.Ed.2d 278 (1930). Patent No. 3,873,130 is not viable as a combination patent made up of old and known elements which are put together in such a fashion as to produce an unexpected, unusual, or synergistic result. *Huron Mach. Products v. A & E Warbern, Inc.*, 615 F.2d 222 (5th Cir.

1980). Simply stated, in this instance the whole is no greater than the sum of its parts.

### The Level of Ordinary Skill in the Pertinent Art

Under this branch of the "non-obviousness test," we must determine whether the device in question would have been obvious to a hypothetical individual possessing an ordinary level of skill in the relevant prior art. *Cathodic Protection Service* at 512. Our hypothetical boat-trailer manufacturer would have an intimate knowledge of all the features contained in boat trailers produced since the 1930's. We conjure up this hypothetical figure needlessly for we have him in the flesh in the person of Mr. Meloon, president of Correct Craft and active in the field since 1925. He testified at great length on the development of boat trailers in this century. Mr. Meloon recalled trailers produced by his own company which performed the same functions and achieved the same results as appellants' Float-On trailer. We are convinced that the hypothetical person, schooled in the art, would find the Float-On trailer "obvious." A real person did so and had the pictures to prove it.

### Secondary Considerations

■ Commercial success of a device is deemed a relevant consideration on the non-obviousness question, *John Deere Co.*, 383 U.S. at 17–18, 86 S.Ct. at 693–4, but

> . . . will not, without more satisfy the § 103 non-obviousness requirement, but may be considered after the primary inquiries discussed have been investigated [citations omitted]. *Huron Mach. Products* at 225 quoting from *Hobbs v. United States, Atomic Energy Commission*, 451 F.2d 849, 864 (5th Cir.1971).

Since analysis of the three major factors unequivocally demonstrates that the design in question was obvious before it was patented, the commercial success of petitioners' Float-On trailer does not impact on our resolution of the issue.

The district court's findings and conclusion that the appellants' patent is invalid are not clearly erroneous, accordingly the judgment of the district court is AFFIRMED.