**Franklin D. EBELING, Ernest C. Ebeling and Ebeling Manufacturing Corporation, Plaintiffs-Appellants,**

v.

**PAK–MOR MANUFACTURING COMPANY,**
**Defendant-Appellee.**

No. 81–1341.

United States Court of Appeals, Fifth Circuit.

Aug. 25, 1982.

Rehearing Denied Oct. 12, 1982.

Gibson, Ochsenr & Adkins, S. Tom Morris, Amarillo, Tex., for plaintiffs-appellants.

Richards, Harris & Medlock, Bryan Medlock, Jr., Dallas, Tex., for defendant-appellee.

Before RUBIN and REAVLEY, Circuit Judges, and HUNTER *, District Judge.

ALVIN B. RUBIN, Circuit Judge:

Following the practice sanctioned by our prior decisions,[1] the district judge submitted to a jury the simple and ultimate question whether the alleged invention described in a patent for a garbage container lifting and emptying device was obvious. The jury found that it was not. The jury also found that this patent was not infringed by similar devices built by the defendant. The district judge concluded that there was substantial evidence to support the jury's verdict and denied plaintiffs' motion for judgment n.o.v. Having considered plaintiffs' attacks on the evidence supporting the verdict, the legal basis for the district judge's conclusions on the issues of obviousness and infringement, and the district judge's trial rulings, we affirm.

I

Franklin D. and Ernest C. Ebeling obtained a patent[2] for a "mechanically actuated side-loading arrangement for a vehicle body." This was embodied in a device, called the Emco, that enabled the driver of a garbage truck, without leaving the driver's seat, to drive the truck alongside a garbage container, mechanically pick up the container, elevate it to the top of the truck body, discharge its contents into the truck, and return it to the roadside, then retract the container pick-up mechanism and drive on.

The defendant, Pak-Mor Manufacturing Company ("Pak-Mor"), had been in the business of manufacturing garbage disposal equipment for many years. Pak-Mor produced a garbage container emptying device, the Handi-Lift, that required manual attachment of lift cables to the garbage container before the container could be elevated and dumped, and manual detachment of the cables after the container was returned to the ground. In 1970 the City of Odessa, Texas, sought to induce Pak-Mor to develop an automatic loading device so that a single person could not only drive the garbage truck but also pick up and empty containers without leaving the truck. Pak-Mor did not succeed in developing such a device.

The Ebelings' patent was issued in October 1975. However, sometime after January 1974, Pak-Mor's chief engineer observed and photographed the Emco; there is conflicting evidence on whether the first of the two Pak-Mor devices at issue in this case, the C-Model side-loader, was designed before or after that time. In 1974 Pak-Mor built the C-Model, using a cable-lift, and delivered the first demonstrator to the City of Odessa in November 1974. It performed the same functions as the Emco and was made in part to compete with the Emco. Several years later Pak-Mor built the second device, the M-Model side-loader, which uses a chain-lift.

The Ebelings contended that Pak-Mor infringed their patent. The jury invalidated several of the Ebelings' patent claims because these claims were obvious, finding that the prior art relied on by Pak-Mor was more pertinent than that considered by the Patent Office when it issued the Ebelings' patent, and that the differences between the Ebelings' invention as defined in their patent claims 11 and 12 (and two other claims no longer disputed) and the prior art were such that the subject matter of the invention would have been obvious to a person having ordinary skill in the art at the time the invention was made. It also found that neither the Pak-Mor C-Model

* District Judge of the Western District of Louisiana, sitting by designation.

1. Control Components, Inc. v. Valtek, Inc., 609 F.2d 763, 766–67 (5th Cir.) (citing cases), cert. denied, 449 U.S. 1022, 101 S.Ct. 589, 61 L.Ed.2d 484 (1980).

2. No. 3,910,434, issued Oct. 7, 1975.

cable-lift device nor the Pak-Mor M-Model chain-lift device infringed the Ebelings' patent claims.

On the Ebelings' motion for judgment n.o.v., the district judge found that the testimony of Pak-Mor's expert witness was substantial evidence sufficient to support the jury's finding on the relative pertinence of prior art. It also found that there was substantial evidence to support the verdict on obviousness and held that, as a matter of law, the subject matter of claims 11 and 12 was obvious.[3] Finally, it found that there was substantial evidence to support the verdict on infringement.

The Ebelings contend that Pak-Mor failed to overcome the statutory presumption of patent validity[4] and that infringement of the Ebelings' claims by the two Pak-Mor devices was established as a matter of law. They also challenge the district judge's independent finding that claims 11 and 12 were obvious; the district judge's admission of particular expert testimony on the pertinence of the prior art, obviousness, and infringement; and the sufficiency of the evidence to support the jury's findings.

## II

■ There is no real dispute concerning the legal standards to be applied. A patent is invalid if the subject matter sought to be patented would have been "obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103; *see Whitley v. Road Corp.*, 624 F.2d 698, 699 (5th Cir. 1980); *Steelcase, Inc. v. Delwood Furniture Co.*, 578 F.2d 74, 76 (5th Cir. 1978), *cert.*

denied, 440 U.S. 960, 99 S.Ct. 1503, 59 L.Ed.2d 774 (1979). Although the question of obviousness under 35 U.S.C. § 103 is one of law,[5] its resolution requires factual inquiries.[6] In jury cases, the jury may properly resolve such factual questions as the scope and content of the prior art, the differences between the prior art and the claims at issue, and the level of ordinary skill in the pertinent art. *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545, 556 (1966), *quoted in Control Components, Inc. v. Valtek, Inc.*, 609 F.2d 763, 766 (5th Cir.), *cert. denied*, 449 U.S. 1022, 101 S.Ct. 589, 61 L.Ed.2d 484 (1980); *see Reed Tool Co. v. Dresser Indus.*, 672 F.2d 523, 527 (5th Cir. 1982). Skepticism of experts, commercial success, long felt but unsolved needs, and the failure of others are relevant secondary considerations. *Graham v. John Deere Co.*, 383 U.S. at 17–18, 86 S.Ct. at 694, 15 L.Ed.2d at 556; *John Zink Co. v. National Airoil Burner Co.*, 613 F.2d 547, 551 (5th Cir. 1980) (quoting *Control Components, Inc. v. Valtek, Inc.*, 609 F.2d at 766); *Parker v. Motorola, Inc.*, 524 F.2d 518, 531 (5th Cir. 1975), *cert. denied*, 425 U.S. 975, 96 S.Ct. 2175, 48 L.Ed.2d 799 (1976). The district judge then determines the question of patent validity " 'on the results of [the] factual inquiries' made by the jury." *Control Components, Inc. v. Valtek, Inc.*, 609 F.2d at 767 (quoting *National Filters, Inc. v. Research Prods. Corp.*, 384 F.2d 516, 517 (5th Cir. 1967)).

■ Although patent infringement is a question of fact, *Gaddis v. Calgon Corp.*, 506 F.2d 880, 886 (5th Cir. 1975), construction of patent claims is a question of law and, if infringement depends upon a proper con-

---

**3.** The court granted the Ebelings' motion as to two other claims, claims 19 and 20, because they are dependent on claim 15, which the jury found was not obvious.

**4.** 35 U.S.C. § 282 (1976); *see Baumstimler v. Rankin*, 677 F.2d 1061, 1066 (5th Cir. 1982); *Ludlow Corp. v. Textile Rubber & Chem. Co.*, 636 F.2d 1057, 1059 (5th Cir. 1981).

**5.** *Cathodic Protection Serv. v. American Smelting & Ref. Co.*, 594 F.2d 499, 506–07 (5th Cir.), *cert. denied*, 444 U.S. 965, 100 S.Ct. 453, 62 L.Ed.2d 378 (1979); *Garrett Corp. v. American*

*Safety Flight Sys., Inc.*, 502 F.2d 9, 14 (5th Cir. 1974); *Swofford v. B&W, Inc.*, 395 F.2d 362, 367 (5th Cir.), *cert. denied*, 393 U.S. 935, 89 S.Ct. 296, 21 L.Ed.2d 272 (1968).

**6.** *John Zink Co. v. National Airoil Burner Co.*, 613 F.2d 547, 550 (5th Cir. 1980); *Gaddis v. Calgon Corp.*, 506 F.2d 880, 884 (5th Cir. 1975); *see Sakraida v. AG Pro, Inc.*, 425 U.S. 273, 280, 96 S.Ct. 1532, 1536, 47 L.Ed.2d 784, 790 (1976); *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545, 693 (1966).

struction of the claims, the court may decide the issue of infringement as one of law. *See Continental Oil Co. v. Cole,* 634 F.2d 188, 191 (5th Cir.), *cert. denied,* — U.S. ——, 102 S.Ct. 124, 70 L.Ed.2d 106 (1981); *Weidman Metal Masters Co. v. Glass Master Corp.,* 623 F.2d 1024, 1025, 1029 (5th Cir. 1980), *cert. denied,* 450 U.S. 982, 101 S.Ct. 1519, 67 L.Ed.2d 818 (1981); *Sterner Lighting, Inc. v. Allied Elec. Supply, Inc.,* 431 F.2d 539, 543 (5th Cir. 1970), *cert. denied,* 401 U.S. 909, 91 S.Ct. 869, 27 L.Ed.2d 807 (1971).

## III

■ The jury and the district judge each found independently that, when the Ebelings conceived their invention, claims 11 and 12 of the patent were obvious to a person having ordinary skill in the art. It is not our function on appeal to evaluate the evidence de novo,[7] but merely to determine whether there was substantial evidence to support the jury's findings,[8] and whether the district judge applied to those findings the correct legal criteria for determining obviousness.[9] If the jury's findings are supported by substantial evidence, they are likely to strengthen the district judge's legal conclusion on the issue of obviousness.[10]

Stripped of patent jargon and stated in plain language, claim 11 describes a garbage truck with an attached fork-lift mechanism. The fork-lift can be extended outward from the truck to a garbage container and engaged to pick up the container. The container is then lifted along a flanged track having a curved upper end. The con-

tainer, following the curved track, is lifted to the top of the truck, turned upside down, and emptied into an elevated opening in the top of the truck. The emptied container is then lowered along the track and put back on the spot from which it was taken. Claim 12 describes the same truck as claim 11, but, because claim 11 does not describe where on the truck the fork-lift is attached, claim 12 adds the requirement that the fork-lift mechanism be attached to the side of the truck. With this description of the invention, we review the record to determine whether there was substantial evidence to support the jury's findings on the factual inquiries underlying the determination of obviousness and, consequently, the determination of the validity of the Ebelings' patent.

The prior art presented to the district court that had not been considered by the Patent Office[11] included two patents, the Oliver patent[12] and the Bowman-Shaw patent,[13] which Pak-Mor's expert witness relied upon in his testimony. The Oliver patent describes a truck with a fork-lift mechanism on the side. The fork-lift has tracks formed by flanges and a curved upper end to permit a garbage container to be inverted and dumped. The fork-lift of the Oliver patent cannot be extended outward from the truck to engage a container. The Bowman-Shaw patent, however, describes a fork-lift mechanism that can be extended from the truck on which it is mounted to engage a load and then be retracted, although this truck is presumably designed merely to transport the containers. A third

---

7. *Laitram Corp. v. Deepsouth Packing Co.,* 443 F.2d 928, 930 (5th Cir. 1971) ("This court no more retries the facts in patent cases than it does in any other class of matter.").

8. *See Boeing Co. v. Shipman,* 411 F.2d 365, 374–75 (5th Cir. 1969) (en banc); *Control Components, Inc. v. Valtek, Inc.,* 609 F.2d at 767.

9. *Control Components, Inc. v. Valtek, Inc.,* 609 F.2d at 767–68; *see Gaddis v. Calgon Corp.,* 506 F.2d at 884.

10. *Control Components, Inc. v. Valtek, Inc.,* 609 F.2d at 768.

11. The statutory presumption of patent validity is seriously weakened when the Patent Office fails to consider pertinent prior art when it issues a patent. *Baumstimler v. Rankin,* 677 F.2d at 1066; *Reed Tool Co. v. Dresser Indus.,* 672 F.2d at 526; *Ludlow Corp. v. Textile Rubber & Chem. Co.,* 636 F.2d at 1059.

12. No. 2,592,324, issued Apr. 8, 1952.

13. No. 3,306,481, issued Feb. 28, 1967.

patent, the Blakeley patent,[14] adds one more feature to the art: it suggests the desirability of extending a lifting mechanism out from a truck to engage and lift a container, then empty the container into the truck.

Thus, as to claim 11, when the Ebelings conceived their invention, those working in the art had available to them disclosures that a fork-lift with curved flanged tracks could be mounted on a truck and used to lift and dump garbage containers (Oliver patent), that this fork-lift could be extended and retracted from the truck (Bowman-Shaw patent), and that it would be desirable to have a lifting mechanism that could be extended to engage and retrieve a remote container (Blakeley patent). As to claim 12, all of these prior art patents show fork-lifts mounted on the *side* of a truck.

Pak-Mor's expert witness testified at length on the prior art in this field and the pertinence of these patents. The Ebelings' labored argument that this witness was not qualified to express opinions on prior art, pertinence, or obviousness scores no points. He had credentials and experience sufficient to make his qualification a matter for the district judge's discretion. *See Ludlow Corp. v. Textile Rubber & Chem. Co.*, 636 F.2d 1057, 1060 (5th Cir. 1981); *Berdeaux v. Gamble Alden Life Ins. Co.*, 528 F.2d 987, 990 (5th Cir. 1976); Fed.R.Evid. 702.

■ We conclude that substantial evidence supports the jury's factual findings on obviousness. We also conclude that the district judge correctly applied the legal criteria set forth in *Graham v. John Deere Co., supra*, in evaluating these findings and in holding that claims 11 and 12 were obvious to one skilled in the art when the Ebelings made their invention. *See Control Components, Inc. v. Valtek, Inc.*, 609 F.2d at 768.

### IV

We turn to the issue of infringement. As usual, this was a battle of experts. The

Ebelings say their expert witness was better educated, more competent, better prepared, and more credible; they argue that Pak-Mor's expert witness asserted untenable positions and was not to be relied upon. As we have already ruled, the district judge acted within his discretion in qualifying both as experts. Their relative credibility was for the jury. We do not find the testimony of Pak-Mor's expert witness "incredible."

Pak-Mor presented to the jury and to us on appeal charts that reproduce the language of one or more of the contested patent claims in paragraph form. Opposite each paragraph is a row of three boxes, one labeled for the Ebelings' device, one for Pak-Mor's C-Model, and one for Pak-Mor's M-Model. Pak-Mor's expert witness read each of the paragraphs of each of the claims and, if the paragraph was applicable to the Ebelings' device, he placed a check in the box under the heading "Ebeling et al." If that paragraph described some part of either of Pak-Mor's devices, he placed a check in the appropriate box for the device under consideration. If the paragraph did not describe some part of any of the three devices, he would not place a check in the box opposite that paragraph, but would underline in red the language in the paragraph that could not be applied to the device being considered. If it was unclear whether the language applied or not, the expert placed a question mark in the appropriate box.

■ This exercise is important to the consideration of infringement issues because it has long been the law that omission of any element of a patent claim avoids infringement of the claim. As the Supreme Court pointed out in *Water-Meter Co. v. Desper*, 101 U.S. 332, 335, 25 L.Ed. 1024, 1025 (1880):

It is a well-known doctrine of patent law, that the claim of a combination is not infringed if any one of the material

---

14. No. 3,773,197, issued Nov. 20, 1973. This patent was considered by the Patent Office when it issued the Ebelings' patent.

parts of the combination are omitted. It is equally well known that if any one of the parts is only formally omitted, and is supplied by a mechanical equivalent, performing the same office and producing the same result, the patent is infringed.[15]

It would be tedious and not helpful to the reader to review in detail and comment on the testimony of Pak-Mor's expert witness and the Ebelings' criticism of each material segment of it. We do not profess to be engineers or experts, but we find the Pak-Mor expert's analysis at least credible. We also find no error of law in the construction of the Ebelings' patent claims. The rest, therefore, was for the jury. After considering not only the testimony of the two expert witnesses, but also numerous photographs, charts, diagrams, blueprints, brochures, and other materials that were admitted into evidence, the jury found that Pak-Mor's C-Model and M-Model did not infringe the Ebelings' patent claims either literally or by equivalents. We have reviewed the record and conclude that the jury's findings are supported by substantial evidence.

The judgment is AFFIRMED.

**15.** *See Sterner Lighting, Inc. v. Allied Elec. Supply, Inc.*, 431 F.2d at 544; *Lockwood v. Langendorf United Bakeries, Inc.*, 324 F.2d 82, 88 (9th Cir. 1963); *Interdent Corp. v. United States*, 531 F.2d 547, 552 (Ct.Cl.1976) (per curiam).