**CONSOLIDATED SYSTEMS, INC., Plaintiff,**

v.

**Raymond M.L. TING, Defendant.**

**Civ. A. No. 84–3064–15.**

United States District Court,
D. South Carolina,
Columbia Division.

June 6, 1985.

Hoover C. Blanton, Columbia, S.C., L. Lawton Rogers, III and Joseph M. Killeen, Alexandria, Va., for plaintiff.

James M. Brailsford, III, Columbia, S.C., and William G. Boyle, Pittsburgh, Pa., for defendant.

### ORDER GRANTING PLAINTIFF PARTIAL SUMMARY JUDGMENT

HAMILTON, District Judge.

Plaintiff Consolidated Systems, Inc. ("CSI"), a South Carolina corporation, initiated this civil action against defendant Raymond M.L. Ting dba Advanced Engineering Services ("Ting"), a citizen of Pennsylvania, seeking, *inter alia,* a declaration that two steel decks it intends to manufacture do not infringe the U.S. Patent No. 4,453,364 dated June 12, 1984 for "Corrugated Steel Decking Section" ("Ting Patent").

Subject matter jurisdiction is not contested and arises under the patent laws, 35

U.S.C. §§ 1 *et seq.* A substantial case or controversy exists satisfying 28 U.S.C. § 2201, and venue is proper under 28 U.S.C. § 1391.

CSI contests the validity of the Ting Patent on several grounds, but has conceded validity for the limited purpose of its motion for a partial summary judgment of non-infringement. Accordingly, the Court considers the Ting Patent to be valid in considering this motion as to non-infringement.

The Ting Patent is directed to a steel decking section for use in composite steel and concrete floors. Such floors include a layer of concrete poured over a corrugated steel deck formed by a series of raised flutes. The concrete and steel must resist separation under stress to obtain the benefits of the composite. Such resistance to separation is termed "composite action" and is the result of a chemical bond between the steel and the concrete as well as any structural interlock provided by the shape of the steel. Grooves and embossments of various configurations are often provided in the steel deck to increase the composite action by increasing both the surface area for chemical bonding and the structural interlocks.

The Ting Patent is directed particularly to the configuration of grooves located adjacent the crests in the sloping sidewalls between the alternating crests and valleys of the corrugated deck. According to the Ting Patent, there is a critical relationship between the location of the groove and the adjacent crest.

As stated in the patent (4,453,364), the Court finds that patentability of the Ting Patent is based on the following advantages in the location of the groove adjacent the crest:

(1) provides impact resistance to construction traffic over the deck before the concrete is poured (col. 2, lines 46–50 and col. 5, lines 31–37);

(2) decreases the flat length of the deck, *i.e.*, the length of the straight portion of the sloping sidewall or web, and thus provides increased resistance to "web crippling" (col. 2, lines 51–54 and col. 5, line 59, et seq.);

(3) stiffens the crest and thus permits cutting access openings in the crest surface without reducing the structural properties of the deck (col. 2, lines 61, et seq. and col. 5, lines 48–58);

(4) greatly increases surface bonding between the steel and concrete in the region where maximum separation stress can be anticipated (col. 5, lines 38–43). While not described in the Ting Patent, the extension of the groove beneath the crest allows concrete poured over the steel deck to flow into the groove under the crest to provide a structural interlock or "hold-down."

The Ting Patent defines this critical relationship in two ways. Claim 1, and thus claims 2–6 dependent therefrom, recites:

1. In a steel floor decking section comprising a profiled steel sheet having plural crest surfaces in a common crest plane, plural valley surfaces in a common valley plane and sloping web surfaces connecting each said crest surface to the adjoining valley surface, . . .

the improvement comprising a lengthwise groove (26) which is uninterrupted for the length of the decking section and enters beneath the said crest surface (21) in each of the said sloping web surfaces (23) adjacent the top (21) of said raised flute, wherein a flat plane (46) which includes the said sloping surface (23) intersects the said crest plane (21) at or outside the adjacent side edge (27) of the crest (21).

144

**FIGURE 7**

This language was incorporated by reference into claim 7, and thus claim 8 dependent therefrom, as a result of an amendment and the remarks made by Ting during the prosecution of the application.[1]

From the specification and claims of the Ting Patent, it is clear that the "sloping web surface" is the entire structure between the "crest surface" and the "valley surface," and that the "groove" extends into the "sloping web surface," *i.e.*, the "groove" is defined as the depression of the sloping web surface out of the plane of the sloping web surface towards the flute.

This interpretation of the claim language is entirely consistent with the representation made by Ting in distinguishing over the prior art French patent to Wendel, when Ting stated:

> In the embodiment of Figures 3, 4, 5, and 6 [of Wendel], there is an inward groove 13 combined with an outward bead 6. (Amendment 8/24/83)

---

**1.** In an amendment filed August 24, 1983, the applicant stated:

Applicant pointed out to the Examiner in the course of the interview that the WEBB groove is not inwardly depressed *beneath the crest surface.* The Examiner asserted that the WEBB indentation was "inwardly depressed," but agreed that the inward depression did not extend beneath the crest surface.

Accordingly independent claims 1 and 7 have been amended to recite that the claimed lengthwise uninterrupted groove enters *beneath the said crest surface.* Support for this language appears in the specification as filed at page 4, lines 4–5.

Applicant has also amended Claim 1 to delete the last phrase which appears to be a duplication of the added phrase "which enters beneath the said crest surface." The deleted material from Claim 1 (Three Times Amended) is as follows:

"... wherein a flat plane which includes the said sloping surface intersects the said crest plane at or outside the adjacent side edge of the crest...."

**WENDEL  FIGURE  4**

As may be seen from the drawings of both the CSI "A" deck and the CSI "B" deck, the flat plane of the sloping sidewall or web of the CSI decks intersects the plane of the crest surface inside rather than "at or outside" the extreme side edge of the flute.  Thus, neither CSI's "A" deck nor its "B" deck infringe any claim of the Ting Patent.

CSI A

CSI B

At the oral argument on CSI's motion, Ting conceded non-infringement of claims 1–6 which contained the express language regarding the point of intersection of the planes of the crest and the sloping sidewall, but continued to argue infringement of Claims 7 and 8. Ting's arguments regarding claims 7 and 8 are without merit, not only for the reason set out above, but also because Claims 7 and 8 contain language additionally defining the alleged critical relationship between crest and groove.

7. In a steel floor decking section comprising a profiled steel sheet having plural crest surfaces in a common crest plane, plural valley surfaces in a common valley plane and sloping web surfaces connecting each said crest surface to the adjoining valley surface, ...
the improvement comprising a lengthwise groove (26) which is uninterrupted for the length of the decking section in each of the said sloping web surfaces adjacent the top (21) of said raised flute, the said groove (26) being inwardly disposed beneath the said crest surface (21)

such that a plane (42) normal to the said crest surface (21) at the edge (27) of said crest surface (21) will intersect the said groove (26) and will not intersect the said sloping wall surface (23).

FIGURE 7

Ting contends that the "groove" of the CSI "B" deck includes the entirety of the generally horizontal portion of the deformation of the sidewall without regard to the plane of the sloping sidewall, and that

the vertical plane through the lateral edge of the flute therefore passes through the "groove." As stated above, the Court finds that a "groove" is that portion of a deformation of the sloping sidewall which extends into the plane of the sloping sidewall, and that a "bump" is any portion of a deformation of the sloping sidewall which protrudes out of the plane of the sloping sidewall. In view of the arguments made by Ting in order to distinguish over Wendel and obtain the patent, Ting is estopped to argue otherwise. *Exhibit Supply Co. v. Patents Corp.*, 315 U.S. 126, 62 S.Ct. 513, 86 L.Ed. 736 (1942); *Duplan Corp. v. Deering Milliken, Inc.*, 181 U.S.P.Q. 621, 627, 379 F.Supp. 388 (D.S.C.1974).

As shown by the drawings of CSI's "A" deck and the "B" deck, the vertical plane passing through the lateral edge of the flute does not intersect any portion of deformation of the sloping sidewall which can be called a groove. Hence, claims 7 and 8 are not infringed by CSI's "A" deck or "B" deck.

CSI   A

CSI   B

There is no dispute as to the wording of the claims of the Ting Patent nor as to the structure of the two decks which CSI intends to manufacture, and the interpretation of claims is a matter of law. *Roberts v. Sears Roebuck & Co.*, 723 F.2d 1324 (7th Cir., 1983); *Ebeling v. Pak-Mor Mfg. Co.*, 683 F.2d 909 (5th Cir., 1982). There being no genuine issue of material fact, summary judgment is appropriate under Rule 56, even in patent cases where summary judgment is not generally favored. *Butler v. Helms*, 550 F.2d 954 (4th Cir., 1977).

CSI's motion for a declaration of non-infringement is accordingly granted and the Court declares that neither the CSI "A" deck nor the CSI "B" deck as shown in the exhibits attached to the Complaint infringe any claim of the Ting U.S. Patent No. 4,453,364 dated June 12, 1984 for "Corrugated Steel Decking Section."

IT IS SO ORDERED.